ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -   x          .

UNITED STATES OF AMERICA

\- v. -

DAVID STASIOR,

Defendant.

- - - - - - - - - - - - - - - -   x

:          SUPERSEDING
: ´        INFORMATION
:
:          S6 16 Cr. 405
:
:          USDC SDNY
:          DOCUMENT
:          ELECTRONICALLY FILED
:          DOC #:
x          DATE FILED: 2/15/18

**COUNT ONE**

**(Conspiracy to Commit Money Laundering)**

The United States Attorney charges:

1.    From in or about 2012, through in or about 2016, in
the Southern District of New York and elsewhere, DAVID STASIOR,
the defendant, and others known and unknown, intentionally and
knowingly did combine, conspire, confederate, and agree together
and with each other to violate Title 18, United States Code,
Section 1956(a)(1)(A)(i).

2.    It was a part and object of the conspiracy that
STASIOR, the defendant, and others known and unknown, knowing
that the property involved in certain financial transactions
represented the proceeds of some form of unlawful activity,
willfully and knowingly would and did conduct and attempt to
conduct such financial transactions which in fact involved the
proceeds of specified unlawful activity, to wit, STASIOR  and
his co-conspirators harbored individuals for purposes of

commercial sex acts, traveled in interstate and in foreign commerce, and used and caused to be used mails and interstate facilities, in violation of Title 18, United States Code, Section 1952, with the intent to promote the carrying on of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

3.     As the result of committing the offense alleged in Count One of this Information, DAVID STASIOR, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense alleged in Count One, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## SUBTITUTE ASSET PROVISION

4.     If any of the above-described forfeitable property, as a result of any act or omission of the DAVID STASIOR, the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

2

          c.    has been placed beyond the jurisdiction of the court;

          d.    has been substantially diminished in value; or

          e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

> (Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

GEOFFREY S BERMAN
United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**v.**

**DAVID STASIOR,**

Defendant.

**INFORMATION**

S6 16 Cr. 405 (LAK)

(18 U.S.C. § 1956(h).)

GEOFFREY S. BERMAN
United States Attorney